IN THE CIRCUIT COURT OF THE
9TH JUDICIAL CIRCUIT IN AND FOR
ORANGECOUNTY, FLORIDA

Case No.:

Rebecka Johnson

      **Plaintiff,**

vs.

**Steak N Shake Operations, Inc.**

      **Defendant.**

_____/

## COMPLAINT

COMES NOW the Plaintiff, Rebecka Johnson, individually, by and through the undersigned attorney and sues the Defendant, Steak N Shake Operations, Inc. (hereinafter sometimes referred to as "Steak N Shake"), and alleges as follows:

1. At all material times hereto, Plaintiff is an individual residing in Orlando, Florida.

2. At all material times hereto, Defendant, Steak N Shake, was a corporation duly licensed to transact business in the State of Florida. Defendant does business, has offices, and/or maintained agents for the transaction of its customary business in Orange County, Florida.

3. Plaintiff had been an hourly employee with the Defendant. Plaintiff was hired on or about April 1, 2010, and ceased employment with the Defendant on or about October 31, 2014.

4. Plaintiff is a covered employee within the meaning of the Florida Minimum Wage Act ("FMWA") through its incorporation of the Fair Labor Standards Act ("FLSA") into Florida law.

### Jurisdiction and Venue

5. This Court has subject matter jurisdiction pursuant to Fla. Stat. § 448.110.

6. Venue is proper in Orange County pursuant to Fla. Stat. § 47.051 because acts giving

rise to the claims of the Plaintiff occurred within this judicial district, and Defendant regularly conducts business in and has engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

### Nature of the Claim

7. Defendant is the owner of Steak N Shake Operations, Inc. a restaurant located in Orlando, Florida.

8. Plaintiff was employed as a Server by the Defendant, a "Tipped Employee" as defined by the FWMA, from approximately April 1, 2010 through approximately October 31, 2014.

9. Rather than pay its tipped employees the applicable state minimum wage, for the time Plaintiff was paid an hourly wage, Defendant imposed a tip credit upon Plaintiff at below the applicable minimum wage.

10. Fla. Const. art. X, § 24(c) allows "for tipped Employees meeting eligibility requirements for the tip credit under the FLSA, Employers may credit towards satisfaction of the Minimum Wage tips up to the amount of the allowable FLSA tip credit in 2003." As a result of Defendants imposition of a tip credit, Plaintiff was forced to perform minimum wage work at an hourly rate that was less than minimum wage.

11. In addition to tipped work, Plaintiff was required by Defendant to perform non-tipped work for which Plaintiff was paid at the reduced tip credit rate. Examples of such non-tipped labor include: clean and wipe down wait station; stock and ice down milk and cream; stock sugar and sweeteners, coffee, decaf, tea, bottled drinks; stock glasses, straws, napkins, coffee cups and saucers; cut lemons, limes, or bar fruit; ice down garnishes; brew coffee and tea; stock to-go area; take down chairs; clean and wipe table tops; clean and wipe chairs and booths; align and straighten chairs; set tables – flatware, glassware, napkin; refill salt and pepper; clean condiment holders; stock

sugar sweeteners, ketchup, and table sauces; fold additional napkins; place trash cans in designated area; check restrooms for cleanliness and supplies; dust lamps, shelves, picture frames in dining room; general cleaning stations; stock printer paper, if back up rolls needed; place trash can is designated areas; clean and wipe down menus; clean and wipe hostess station; check entry/wait area floor, clean if necessary; check floor and sweep/mop if necessary; clean, dust surfaces in entry/wait area; roll silverware; wipes water from sinks in restrooms; when your side work is completed, assist other stations with their work; polish silverware, organize, or move silverware to front of house; change linens, paper, or other table liners; refill and restock dressings and sauces; run food for other servers, and various other pre-shift and post-shift duties and "side work".

12. The non-tipped work for which Plaintiff was paid at a reduced rate exceeded twenty percent (20%) of Plaintiff's time at work.

13. As a result, Plaintiff is entitled to at least the applicable minimum wage for such time worked, without applying a tip credit.

14. Defendant has and continues to willfully violate the Florida Minimum Wage Act by not paying Plaintiff wages owed.

15. Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

16. This is an action for violation of the FMWA with damages in excess of fifteen thousand dollars ($15,000.00), exclusive of interests, costs, and attorney's fees.

17. Plaintiff's wages were dependent on how Plaintiff was classified as an employee, not on the job(s) performed at the direction of the Defendant.

18. Plaintiff, in her work for Defendant, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.00.

19. Although at this stage Plaintiff is unable to state the exact amount owed, Plaintiff believes that such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.

20. On December 7, 2015, Defendant was provided by certified mail written notice identifying the applicable minimum wage sought, the estimated work dates for which payment is sought, and the total amount of unpaid wages being sought by Plaintiff as required by Fla. Stat. §448.11(6)(a), satisfying the Florida Minimum Wage Act pre-suit notification requirement.

**WHEREFORE,** Plaintiff, Rebecka Johnson, individually, request that this Court enter Judgment against the Defendant, Steak N Shake Operations, Inc., for compensation for unpaid wages, an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT I: FLORIDA MINIMUM WAGE ACT – UNPAID WAGES

21. Plaintiff incorporates the allegations contained in paragraphs 1 through 20 as though fully set forth herein.

22. At all relevant times, Defendant has been and continues to be an employer engaged in commerce, within the meaning of the Florida Minimum Wage Act, Fla. Stat. § 448.110.

23. At all relevant times, Defendant employed Plaintiff within the meaning of the Florida Minimum Wage Act.

24. Plaintiff brings this action as a former hourly employee of the Defendant who willfully refused to pay a wage during Plaintiff's employment. For time spent during Plaintiff's employment,

Defendant took a "tip credit" from Plaintiff's wages. Thus, Defendant paid Plaintiff at a rate less than the applicable minimum wage.

25. Pursuant to Fla. Stat. § 448.110 and Fla. Const. art. X, § 24(c), a tip credit exemption from Florida's minimum wage requirements may only be taken when the Employer would otherwise be eligible to do so under the FLSA.

26. In both policy and practice, the Defendant regularly and consistently required the Plaintiff to perform non-tipped labor in excess of twenty percent (20%) of Plaintiff's time spent working. This occurred before, during and after scheduled shifts. As such, full minimum wage for such time is owed.

27. As a result of Defendant's willful failure to compensate the Plaintiff the applicable state minimum wage for all hours worked, Defendant has violated Fla. Stat. § 448.110.

28. Defendant's conduct constitutes a willful violation of the Florida Minimum Wage Act within the meaning of Fla. Stat. § 448.110.

29. Defendant has and continues to willfully violate the Florida Minimum Wage Act by not paying Plaintiff a wage for time spent working.

30. Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

31. Plaintiff's wages were dependent on how Plaintiff was classified as an employee, not on the job(s) performed at the direction of the Defendant.

32. On December 7, 2015, Defendant was provided by certified mail written notice identifying the applicable minimum wage sought, the estimated work dates for which payment is sought, and the total amount of unpaid wages being sought by Plaintiff as required by Fla. Stat. §448.11(6)(a) and Fla. Const. art. X, § 24(c), satisfying the Florida Minimum Wage Act presuit

notification requirement.

33. Due to Defendant's illegal wage practices, Plaintiff is entitled to recover from Defendant, compensation for unpaid wages, an additional equal amount as liquidated damages, prejudgment interest, and reasonable attorney's fees and costs of this action under Fla. Stat. § 448.08, § 448.104 and § 448.110.

**WHEREFORE,** Plaintiff, Rebecka Johnson, individually, request that this Court enter Judgment against the Defendant, Steak N Shake Operations, Inc. for compensation for unpaid wages, an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT II: DUAL OCCUPATION

34. Plaintiff incorporates the allegations contained in paragraphs 1 through 20 as though fully set forth herein.

35. During the time of Plaintiff's employment, Defendant required Plaintiff to perform tasks belonging to an entirely different category of employment, unrelated and not incidental to tipped service, such as acting as the hostess; deck scrubbing floors; cleaning dish pit; running food; changing and taking out the trash; scrubbing walls; making milk shakes; sweeping the floors; mopping the floors; cleaning and mopping both the men and women restrooms; restocking both the men and women restrooms; wiping and washing all the light fixtures; wiping and washing all of the hanging pictures; unloading stock and supplies; putting away stock; squigy the back area of the restaurant, for which full minimum wage is required under the FLSA. Defendant, however, took a tip credit from Plaintiff's wages for time spent

performing such "dual occupation" labor, thus Plaintiff was not compensated the required full minimum wage.

36. The "dual occupational" tasks listed in paragraphs supra are not customarily and/or traditionally incidental, and are otherwise unrelated to, the job of a server or other tipped profession. Plaintiff performed these duties well in excess of twenty percent. These dual occupational tasks were not 'occasional', but were often in occurrence. These dual occupational tasks were regularly not related to tip related duties.

37. Section 448.110(3) of the Florida Minimum Wage Act incorporate the FLSA provisions regarding the regulation of minimum wage exemptions with regard to an employer "tip credit".

38. Fla. Const. art. X, § 24(c) allows an Employer to apply a tip credit to the State-mandated minimum wage "for tipped Employees meeting eligibility requirements for the tip credit under the FLSA".

39. Defendant's conduct constitutes a willful violation of the Florida Minimum Wage Act.

40. Defendant has and continues to willfully violate the Florida Minimum Wage Act by not paying Plaintiff a wage equal to or greater than minimum wage for time spent performing "dual occupational" tasks.

41. Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

42. Plaintiff's wages were dependent on how Plaintiff was classified as an employee, not on the job(s) performed at the direction of the Defendant.

43. On December 7, 2015, Defendant was provided by certified mail written notice identifying the applicable minimum wage sought, the estimated work dates for which payment is sought, and the total amount of unpaid wages being sought by Plaintiff as required by Fla. Stat. §448.11(6)(a) and Fla. Const. art. X, § 24(c), satisfying the Florida Minimum Wage Act presuit notification requirement.

44. Plaintiff is therefore entitled to compensation for the difference between wages paid and Florida's minimum wage at an hourly rate, to be proven at trial, plus an additional amount as liquidated damages, together with interest, costs, and reasonable attorney's fees.

**WHEREFORE,** Plaintiff, Rebecka Johnson, individually, request that this Court enter Judgment against the Defendant, Steak N Shake Operations, Inc., for compensation for unpaid wages, an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT III: FAIR LABOR STANDARDS ACT – OVERTIME

45. Plaintiff incorporates the allegations contained in paragraphs 1 through 20 as though fully set forth herein.

46. At all relevant times, Defendant has been and continues to be an employer engaged in interstate commerce, within the meaning of the FLSA.

47. At all relevant times, Plaintiff was employed by the Defendant within the meaning of the FLSA.

48. Defendant engaged in the regular practice of altering Plaintiff's time records so that wages were not paid for work performed before Plaintiff's scheduled shift hours. For shifts where Plaintiff arrived before the scheduled shift hours, and clocked-in and provided labor for Defendant before the scheduled shift hours, Defendant would manipulate the time records to

reduce the hours. Thus, the Defendant did not pay the Plaintiff properly for approximately five (5) to ten (10) hours of overtime each week.

49. During some wage periods where Plaintiff was not fully compensated for all hours worked, Plaintiff's total weekly hours worked exceeded forty (40).

50. As a result of Defendant willful failure to compensate the Plaintiff the applicable overtime wage for all hours worked in excess of forty (40) per week, Defendant has violated FLSA, 29 U.S.C. § 207.

51. Defendant has and continues to willfully violate the FLSA by not paying the Plaintiff the proper overtime wages owed for the additional five (5) to ten (10) hours spent each week working due to Defendant's manipulation of the time records to reduce Plaintiff's hours.

52. Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

53. Plaintiff's wages were dependent on how Plaintiff was classified as an employee, not on the job(s) performed at the direction of the Defendant.

54. On December 7, 2015, Defendant was provided by certified mail written notice identifying the applicable minimum wage sought, the estimated work dates for which payment is sought, and the total amount of unpaid wages being sought by Plaintiff as required by Fla. Stat. §448.11(6)(a) and Fla. Const. art. X, § 24(c), satisfying the Florida Minimum Wage Act presuit notification requirement.

55. Due to Defendant's violations, Plaintiff is entitled to recover compensation for unpaid overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE,** Plaintiff, Rebecka Johnson, individually, request that this Court enter Judgment against the Defendant, Steak N Shake Operations, Inc., compensation for unpaid overtime wages; an additional equal amount as liquidated damages; prejudgment and post-judgment interest, reasonable attorneys' fees, costs and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT IV: FLORIDA CONSTITUTION – UNPAID WAGE VIOLATIONS

56. Plaintiff incorporates the allegations contained in paragraphs 1 through 20 as though fully set forth herein.

57. Pursuant to Fla. Const. art. X, § 24(c), a tip credit exemption from Florida's minimum wage requirements may only be taken when the Employer would otherwise be eligible to do so under the FLSA.

58. As per Fla. Const. art. X, § 24(c), the Defendant regularly and consistently required the Plaintiff to perform non-tipped labor in excess of twenty percent (20%) of Plaintiff's time spent working. This occurred before, during and after scheduled shifts. As such, full minimum wage for such time is owed.

59. As a result of Defendant's willful failure to compensate the Plaintiff the applicable state minimum wage for all hours worked, Defendant has violated Fla. Const. art. X, § 24(c).

60. Defendant's conduct constitutes a willful violation of the Florida Minimum Wage Act within the meaning of Fla. Const. art. X, § 24(c).

61. Defendant has and continues to willfully violate the Florida Minimum Wage Act by not paying Plaintiff a wage for time spent working.

62. Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

63. Plaintiff's wages were dependent on how Plaintiff was classified as an employee, not on the job(s) performed at the direction of the Defendant.

64. On December 7, 2015, Defendant was provided by certified mail written notice identifying the applicable minimum wage sought, the estimated work dates for which payment is sought, and the total amount of unpaid wages being sought by Plaintiff as required by Fla. Stat. §448.11(6)(a) and Fla. Const. art. X, § 24(c), satisfying the Florida Minimum Wage Act presuit notification requirement.

**WHEREFORE,** Plaintiff, Rebecka Johnson, individually, request that this Court enter Judgment against the Defendant, Steak N Shake Operations, Inc., for compensation for unpaid wages, an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs and disbursements of this action, and any additional relief this Court deems just and proper.

### JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated December 28, 2015.

/s/ Arielle K. Williams
Arielle K. Williams, Esquire
Cohen Battisti & Grossman
Attorneys at Law
Florida Bar number: 118004
350 North Lake Destiny Road
Maitland, Florida 32789
Phone/Fax: (407) 478-4878/0204
Arielle@cohenbattisti.com
melissa@cohenbattisti.com