UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

REBECKA JOHNSON,

        Plaintiff,

vs.                                               CASE NO.  6:16-cv-00111-JA-KRS

STEAK N. SHAKE OPERATIONS,

        Defendant.

_____

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO WITHDRAW OR STRIKE THE JOINT STIPULATION OF DISMISSAL**

Defendant STEAK N SHAKE OPERATIONS ("Steak N Shake" or "Defendant"), by and through its undersigned counsel, hereby responds in opposition to Plaintiff's Motion to Withdraw or Strike the Joint Stipulation of Dismissal ("Plaintiff's Motion") and states as follows:

**I.    INTRODUCTION**

Plaintiff's Motion must be denied for numerous reasons.  As Plaintiff admits in her motion, Plaintiff is not the "prevailing party" for purposes of the 29 U.S.C. § 216(b) because she has not received any judgment or consent decrees in this case.  As such, Plaintiff is not entitled to recover its attorneys' fees and costs in this matter.

Plaintiff attempts to circumvent the fact that she is not a "prevailing party" and that this case is moot by arguing that the voluntary dismissal itself is a nullity because the *Lynn's Foods* decision requires judicial scrutiny of all settlements under the FLSA.  Plaintiff further argues that this Court's approval of the settlement will provide Plaintiff with the requisite "judgment" that she needs to become a "prevailing party."  This assertion, however, is misguided in light of the

fact that Plaintiff's acceptance of Defendant's offer of judgment (which explicitly states that the offer fully compensated Plaintiff for all compensatory and liquidated damages) mooted the controversy in this case and removed the need for any judicial scrutiny of Defendant's offer of judgment under *Lynn's Foods*. *See* Ex. A to Plaintiff's Motion; *see also Dionne v. Floormasters Enterprises, Inc.,* 667 F.3d 1199, 1205-06 (11th Cir. 2012); *see also MacKenzie v. Kindred Hospitals East, L.L.C.*, 276 F. Supp. 2d. 1211 (M.D. Fla. 2003).

By accepting and agreeing to an offer of judgment that fully compensated Plaintiff for her damages, both liquidated and unliquidated, and by stipulating to dismiss her claims, with prejudice, the *Dionne* and *Mackenzie* decisions clearly dictate that Plaintiff can never be the prevailing party because this case was moot prior to any judgment or consent decrees being entered by this court. Plaintiff tries to muddy the waters by asserting, for the first time and contrary to the express language of Defendant's offer of judgment, that Plaintiff's acceptance of Defendant's offer of judgment reflects a "significant compromise" to her FLSA claims rather than an offer of full relief. As will be explained in greater detail below, such unsupported and contradictory assertions of fact must be disregarded by this Court.

**II.     BACKGROUND**

On March 29, 2017, Defendant served an offer of judgment on Plaintiff in the amount of Two Thousand Five Hundred Dollars. *See* Ex. A to Plaintiff's Motion. Under the specified terms of the offer, it resolved "all damages that would otherwise be awarded in a final judgment in the instant action" and was "in full and complete settlement of all claims that Plaintiff has brought against Defendant." *Id.* Furthermore, Defendant agreed to pay Plaintiff a sum of reasonable attorneys' fees and costs after Plaintiff filed a motion requesting such fees and costs and Defendant had an opportunity to respond. *Id.*

On March 30, 2017, Plaintiff accepted Defendant's offer of judgment. *See* Ex. B to

Plaintiff's Motion. On May 8, 2017, Plaintiff filed a voluntary dismissal, with prejudice, which this Court struck as ineffective on May 8, 2017, citing to the *Lynn's Food* decision. On May 16, 2017, Plaintiff filed a Joint Stipulation of Dismissal, with prejudice, of all her claims, to which this Court responded to by ordering a hearing to discuss Plaintiff's legal basis for seeking an award of attorneys' fees. After the May 26, 2017, hearing regarding Plaintiff's entitlement to attorneys' fees in light of the *Dionne* and *Parra* decisions, this Court denied Plaintiff's Motion for Attorneys' Fees and Costs and ordered Plaintiff to file a motion to withdraw the stipulation of dismissal; or file a renewed motion for attorneys' fees and costs. [D.E. 41].

III. ARGUMENT AND CITATION OF AUTHORITY

    A. THIS COURT PROPERLY GRANTED THE PARTIES' RULE 41 VOLUNTARY DISMISSAL BECAUSE COURT APPROVAL OF THIS FLSA SETTLEMENT IS NOT REQUIRED UNDER LYNN'S FOOD.

Plaintiff's Motion incorrectly argues that this Court should apply the *Dees* decision to the instant case, which stands for the proposition that under the *Lynn's Food* decision courts must supervise all "compromised" FLSA claims to ensure fairness. *See Dees v. Hydradry, Inc.*, 706 F. Supp. 2d. 1227, 1237-39 (M.D. Fla. 2010). The *Dees* decision, however, is inapplicable here for the simple fact that this was not a "compromised" settlement of Plaintiff's FLSA claims. As evidenced by the express language of Defendant's offer of judgment, Defendant's offer of Twenty Five Hundred Dollars fully compensated Plaintiff for all liquidated and unliquidated damages that she was claiming. Thus, there was no "compromise" under the FLSA that would require additional judicial scrutiny for fairness under the FLSA. Plaintiff agreed, in writing, that she received full value for her claims. Plaintiff cannot be allowed to now contradict this assertion by claiming that her damages were actually much larger.

As this Court aptly pointed out in its May 18, 2017, Order, the holding in *Dionne* confirms that judicial approval of this FLSA settlement is unnecessary where a Defendant

3

tenders an amount representing the full value of Plaintiff's compensatory and liquidated damages. *see Dionne,* 667 F.3d at 1205-06. Prior to the *Dionne* decision, in *Mackenzie*, the Middle District of Florida also held that a case is "moot" when Defendant tenders full relief of Plaintiff's claims under the FLSA and, therefore, judicial scrutiny of the settlement was not required. *See Mackenzie*, 276 F. Supp. 2d. at 1219.

In *Mackenzie,* the plaintiff was presented with an offer of judgment representing the full value of plaintiff's liquidated and unliquidated damages under the FLSA. *Id.* at 1214. Plaintiff rejected the offer and Defendant moved to dismiss the case for mootness. *Id.* at 1215. Similar to the arguments set forth by Plaintiff here, plaintiff's opposition to a dismissal for mootness in *Mackenzie* was based upon the argument that the *Lynn's Food Stores* decision vested the court with jurisdiction over the case because the court still had jurisdiction under the FLSA to ensure the fairness of the settlement. *Id.* at 1219. The Eleventh Circuit in *Mackenzie* rejected this argument despite the fact that plaintiff had not accepted the offer of judgment and distinguished the *Lynn's Food* decision from the facts presented in *Mackenzie* because *Lynn's Foods* concerned the admitted "compromise" of FLSA claims rather than an offer of full relief. *Id.*

The Eleventh Circuit went on to confirm, that "this case would be unquestionably moot if the plaintiff had accepted the offer of full relief." *Id. (citing to Lusardi v. Xerox Corp.*, 975 F.2d 964, 974 *3d Cir. 1992) (holding that an offer of complete relief to a plaintiff in an age discrimination claim moots the action because he no longer possessed any legally cognizable interest in the outcome of the litigation). Here, similar to *Mackenzie*, Defendant's offer of judgment provided Plaintiff with "all damages that would otherwise be awarded in a final judgment in the instant action." *See* Ex. A to Plaintiff's Motion. Therefore, according to the *Mackenzie* decision, this case would fall into the category of cases that are "unquestionably

4

moot" since Plaintiff has already accepted Defendant's offer of full relief. As such, Plaintiff is not entitled to recover attorneys' fees and costs as the "prevailing party" since no judicial scrutiny is required of Defendant's offer of judgment and, therefore, Plaintiff cannot receive a judgment in her favor which would allow her to recover such fees and costs. *See Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532, U.S. 598 (2001) (holding that plaintiff's voluntary dismissal of her claims with prejudice does not legally alter the relationship of the parties in a way that entitles plaintiff to recover attorneys' fees). Accordingly, this Court, pursuant to the holdings of *Dionne and Mackenzie,* should deny Plaintiff's Motion to Withdraw the Joint Stipulation of Dismissal, grant the Joint Stipulation with Dismissal with prejudice and deny Plaintiff's Motion for Attorneys' Fees and Costs.

Grasping at straws, Plaintiff attempts to thwart this outcome by asserting for the first time in Plaintiff's Motion that Plaintiff calculated the value of her claims to be over Fifty Thousand dollars. This last-ditch attempt by Plaintiff to avoid the dismissal of her claims with prejudice should be summarily dismissed as it contradicted by the express language that Plaintiff agreed to in Defendant's offer of judgment. Clearly, this ploy is nothing more than Plaintiff's attempt to inject "compromise" into this FLSA settlement by asserting that her claims may have been worth an absurd amount that is twenty times more than what she actually accepted and agreed was the full value of her claims. This assertion is simply not credible and is expressly contradicted by Plaintiff's own written acceptance of Defendant's offer of judgment.

 **B. PLAINTIFF'S ARGUMENTS REGARDING RULE 60(B)(1) ARE INVALID AND SHOULD BE DISREGARDED AS PREMATURE IN OF THE FACT THAT NO FINAL JUDGMENT, ORDER, OR HAS OCCURRED IN THIS CASE.**

Rule 60 provides the district court with the power to vacate or set aside "a final judgment, order, or proceeding, in very limited enumerated circumstances that are not present here. *See*

Fed. R. Civ. P. 60(b). As an initial matter, Plaintiff cannot move for relief under Rule 60(b) because "no final judgment, order or proceeding," has occurred in this case. As noted above, on May 8, 2017, this Court denied plaintiff's attempt to stipulate to the dismissal of this case so there have been no "final judgments, orders, or proceedings" in this case. As such, the Court should deny Plaintiff's Rule 60(b) motion for this reason alone at this juncture. Plaintiff cites to the *Cooter & Gell* decision to stand for the proposition that even if this Court dismissed the case with prejudice that it still would possess jurisdiction to award fees and costs, but this assertion is misplaced. *See Cooter & Gell v. Hartmarx Corporation*, 496 U.S. 384, 385 (1990). The *Cooter & Gell* decision involved a Rule 11 motion filed by the defendant in that action after plaintiff filed an anti-trust case against defendant and voluntarily dismissed the action after the claim was found to be frivolous. *Id.* at 385-387. Retaining jurisdiction to award sanctions after a plaintiff voluntarily dismisses a claim because it was frivolous is a far-cry from retaining jurisdiction over a case to award attorneys' fees and costs to a non-prevailing party under a statutory fee-shifting provision. As such, this Court should deny Plaintiff's Rule 60(b) motion.

Regardless of the above noted timing and procedural issues, Plaintiff's assertions that this Court should permit the Plaintiff to withdraw its joint stipulation of dismissal due to "excusable neglect" and "mistake" is equally unavailing. As noted in voluminous Eleventh Circuit precedent, a finding of "excusable neglect" under Rule 60 is reserved for truly "exceptional circumstances or gross negligence." *See Ake v. Mini Vacations, Inc.*, 174 F.R.D. 110, 112-13 (M.D. Fla. 1997). "Attorney negligence or oversight is rarely grounds for relief." *Id.*

Here, Plaintiff has not offered any evidence of exceptional circumstances. She agreed that Defendant's offer of judgment represented the full value of her claims and she accepted the offer as such. This is hardly the "exceptional circumstances or gross negligence" Rule 60

contemplates. *Id.* Because Plaintiff has failed to cite to any case law involving similar circumstances where courts have found that relief under Rule 60 is appropriate here this Court should deny Plaintiff's Motion.

Plaintiff's Motion concedes that Plaintiff's filing of the Stipulation of Dismissal was a "mistake" that requires this Court to allow withdrawal of the Joint Stipulation of Dismissal. Plaintiff's counsel's alleged misinterpretation of the operative effect of executing an offer of judgment for full value and stipulating to dismissal of Plaintiff's claims, with prejudice, is not the type of "mistake" that Rule 60 contemplates providing relief for. Again, Plaintiff has also cited to no case law that stands for the proposition that Plaintiff's own failure to consider the effects of its own actions in a court of law entitles Plaintiff to relief under Rule 60. Rather, relief under Rule 60 is typically reserved for correcting clerical errors or errors in calculating a judgment amount are made. *See Weeks v. Jones,* 100 F.3d 124 (11th Cir. 1996) (holding that a district court may correct clerical errors to reflect what it intended at the time of a ruling, but errors that affect the substantial rights of the parties are beyond the scope of relief under Rule 60.); *see also Nisson v. Lundy*, 975 F. 2d 802 (11th Cir. 1992) (correcting a mistake made in the calculation of damages by the court). Accordingly, for all of the reasons set forth above, Plaintiff's Motion must be denied.

    **C. RELIEF UNDER RULE 59 IS INAPROPRIATE BECAUSE PLAINTIFF'S JOINT STIPULATION OF DISMISSAL DOES NOT CONFLICT WITH THE FLSA.**

Rule 41(a)(1)(A) allows the parties to dismiss a lawsuit so long as the dismissal does not conflict with "any applicable federal statute." Here, Plaintiff alleges that the Stipulated Dismissal conflicts with the FLSA, which requires this Court to conduct a fairness hearing and approve any "compromised" settlements in this case. As noted at length above, this case is

distinguishable from other settlements under the FLSA because Defendant's offer of judgment has now been filed with the Court, Plaintiff has already agreed that the sum of money she received represents "all damages that would otherwise be awarded in a final judgment in the instant action," and Plaintiff has already stipulated to the dismissal of her claims. Accordingly, Plaintiff's claims are moot and Plaintiff is not a "prevailing party" entitled to any fees or costs. *See Dionne*, 667 F.3d at 1205-06; *see also Mackenzie*, 276 F. Supp. 2d. at 1219.

Plaintiff correctly points out that Rule 59 is only applicable when there is: "1) an intervening change in controlling law; 2) the availability of new evidence; and 3) the need to correct clear error or manifest injustice." *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007). None of those three potential circumstances are present in the instant case. Plaintiff cites to a series of three cases on page 13 of Plaintiff's Motion that have absolutely no applicability or relevance to the issues at hand here. *See Atlantic States Legal Foundation, Inc. v. Karg Bros., Inc.,* 841 F. Supp. 51, 55 (N.D.N.Y 1993). As such, Plaintiff's Motion must be denied because Rule 59 is inapplicable.

Plaintiff seemingly attempts to argue the third prong of Rule 59 by claiming that Plaintiff misunderstood the relevant statutory scheme and that it was the parties' intention to have this Court determine Plaintiff's reasonable attorneys' fees. This is contradicted by the by the express language in Defendant's offer of judgment, which requires Plaintiff to first file a motion requesting fees/costs (which Plaintiff has done) and Defendant only agreed to pay such fees/costs subject to the condition that this Court determine that Plaintiff was entitled to such fees/costs and in what amount. Nothing in Defendant's offer of judgment promises Plaintiff's counsel that they are entitled to attorneys' fees, nor does Defendant commit to paying such fees/costs because all such fees/costs are subject to this Court's determinations on entitlement and reasonableness. As

a result, Rule 59 has no applicability here and Plaintiff's Motion must be denied.

> **D. IF THIS COURT DECLINES TO WITHDRAW THE STIPULATION OF DISMISSAL, THEN PLAINTIFF IS NOT A PREVAILING PARTY TO ANY FEES OR COSTS.**

For the sake of brevity and to address points IV and V of Plaintiff's Motion under one response heading, Defendant asserts that unless this Court withdraws the stipulation of dismissal by determining that Defendant's offer of judgment requires judicial scrutiny under *Lynn's Food*, then this Court has no jurisdiction to adjudicate Plaintiff's demand for attorneys' fees because Plaintiff is not the "prevailing party." *See Buckhannon*, 532 U.S. at 605-10; *see also Dionne*, 667 F.3d at 1205-06. Simply put, based on the fact that Plaintiff is not the "prevailing party" under the FLSA's fee-shifting provisions, Plaintiff's Motion must be denied.

## IV.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's Motion to Withdraw or Strike in its entirety and award it such other relief as this Court deems appropriate.

Dated: July 10, 2017.

                          LITTLER MENDELSON, P.C.
                          111 North Magnolia Avenue
                          Suite 1250
                          Orlando, Florida 32801
                          Telephone:    407.393.2900
                          Facsimile:     407.393.2929

BY:    */s/ Gregory R. Schmitz*
        Anthony J. Hall, Esquire
        Florida Bar No.: 0040924
        Email: ajhall@littler.com

        Melanie A. Zaharias, Esquire
        Florida Bar No.: 0036828
        Email: mzaharias@littler.com

        Gregory R. Schmitz, Esquire
        Florida Bar No.: 0094694
        Email: gschmitz@littler.com

        Attorneys for Defendant

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the E-File system and a correct copy of the foregoing has been furnished by the court via electronic mail to: Arielle K. Williams, Esquire, Cohen Battisti & Grossman, 350 North Lake Destiny Road, Maitland, Florida 32789 Email: arielle@cohenbattisti.com and melissa@cohenbattisti.com on this 10th day of July, 2017.

        */s/ Gregory R. Schmitz*
        Gregory R. Schmitz, Esquire