# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**REBECKA JOHNSON,**

      **Plaintiff,**

**v.**                                                     **Case No: 6:16-cv-111-Orl-28KRS**

**STEAK N SHAKE OPERATIONS, INC.,**

      **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration on the following motion filed herein:

> **MOTION:**    **PLAINTIFF'S MOTION TO WITHDRAW OR STRIKE THE JOINT STIPULATION OF DISMISSAL (Doc. No. 44)**
>
> **FILED:**      **June 15, 2017**
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I. PROCEDURAL HISTORY.

Plaintiff, Rebecka Johnson, filed a complaint against Defendant, Steak N Shake Operations, Inc., in state court alleging that Defendant failed to pay her overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, and failed to pay her minimum wages in violation of the Florida Minimum Wage Act, Fla. Stat. § 448.110. Doc. No. 2. Defendant removed the case to this Court based on federal question jurisdiction. Doc. No. 1.

Defendant served an Offer of Judgment on Plaintiff. Doc. No. 37-1. In the Offer of Judgment, Defendant agreed to pay Plaintiff $2,500 if Plaintiff executed a proposed settlement

agreement and dismissed with prejudice the claims against Defendant. Defendant also agreed that it would pay Plaintiff a reasonable sum for the recovery of attorneys' fees and costs and, if agreement could not be reached, that the Court would be asked to determine the reasonable sum to be paid. *Id.* Plaintiff timely accepted the offer. Doc. No. 37-2.

On May 5, 2017, Plaintiff filed a notice of voluntary dismissal with prejudice except as to the issue of attorney's fees and costs. Doc. No. 32. I struck the notice because Defendant had filed an answer and, therefore, Plaintiff could not voluntarily dismiss the case under Federal Rule of Civil Procedure 41(a)(1)(A)(i). Doc. No. 33. I ordered the parties to file a motion for a fairness finding under *United States v. Lynn's Food Stores*, 679 F.2d 1350 (11th Cir. 1982), on or before May 22, 2017. *Id.*

In violation of that Order, the parties filed a joint stipulation of dismissal with prejudice except as to the issue of Plaintiff's attorneys' fees. Doc. No. 34. I held a hearing on the joint stipulation of dismissal to determine the parties' intent, noting that the self-executing stipulation of dismissal likely did not result in Plaintiff being entitled to an award of attorney's fees under the FLSA or Florida law because no judgment in favor of Plaintiff would be entered, the Court had not made a fairness finding, and Plaintiff would not be a prevailing party under state law. Doc. No. 35; *see also* Doc. No. 41. During that hearing, counsel for Plaintiff stated that he did not oppose requesting a fairness finding, noting that he had been proceeding under the practice he followed in state court. Counsel for Defendant represented that he did not object "at this point" to withdrawing the stipulation of dismissal and to filing a motion for a fairness finding. Doc. No. 35.[1]

---

[1] A party who objects to this Report and Recommendation must file with the objection a transcript of the hearing conducted on May 26, 2017 (Doc. No. 35).

Plaintiff has now filed a motion to withdraw the joint stipulation for dismissal. Contrary to the representation of counsel for Defendant at the hearing, Defendant opposes the motion. Doc. No. 47.

## II. ANALYSIS.

Under federal law, a joint stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) is self-executing and is effective upon filing. *First Classics, Inc. v. Jack Lake Prods. Inc.*, 674 Fed. App'x 911, 913 (11th Cir. 2017) (unpublished opinion cited as persuasive authority). In *First Classics*, the Eleventh Circuit found that a District Court did not have jurisdiction to enter further orders after a stipulation of dismissal was filed. *Id.*

Plaintiff now seeks to withdraw the joint stipulation of dismissal, arguing that the stipulation of dismissal was a nullity because *Lynn's Food* requires a fairness finding. Judges are split regarding the efficacy of a Rule 41(a)(1) dismissal in an FLSA case without a fairness finding. *Compare Perez-Nunez v. N. Broward Hosp. Dist.*, 609 F. Supp. 2d 1319, 1321 (S.D. Fla. 2009) (rejecting stipulation of dismissal without a fairness finding), *with Acosta v. United Temps, Inc.*, No. 6:11-cv-647-Orl-28GJK, 2012 WL 3038167, at *2 (M.D. Fla. July 16, 2012), *report and recommendation adopted*, 2012 WL 3043101 (M.D. Fla. July 25, 2012) (accepting joint stipulation of dismissal without a fairness finding, noting that the settlement is unenforceable without a fairness finding).[2] The parties have not cited, and I have not found, a decision from the Eleventh Circuit resolving this issue.

The Court need not resolve this issue if it finds that Plaintiff and her counsel did not, in fact, knowingly and voluntarily agree to dismiss the case with prejudice, thereby abandoning their request

---

[2] Courts have found that an offer of judgment compromising an FLSA claim also requires a fairness finding. *See, e.g., Molina v. SMI Sec. Mgmt., Inc.*, No. 11-24245-CIV-ROSENBAUM, 2012 WL 12864928 (S.D. Fla. Dec. 12, 2012).

for an award of fees and costs.   In *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304 (11th Cir. 2013), Plaintiff and her former employer agreed to settle Plaintiff's FLSA claim privately, despite the pendency of a lawsuit.  As part of the settlement, Plaintiff signed a voluntary dismissal of her case with prejudice, which document was filed with the Court.  *Id.* at 1306.  The Court subsequently found that the private settlement was fair and reasonable despite counsel for Plaintiff's objection to approval of the private settlement.   The Eleventh Circuit reversed the decision of the District Court. It stated that "[w]hen a plaintiff's attorney asks the district court to reject a settlement agreement that was reached without the attorney's knowledge or participation, it is not a 'stipulated judgment' within the meaning of *Lynn's Food*."   *Id.* at 1308.

*Nall* is not precisely on point, because in this case counsel for Plaintiff agreed to the joint stipulation of dismissal.  It is clear from the record, however, that counsel for Plaintiff did not understand the potential effect of that stipulation, despite my best efforts to educate him on that issue, and he now objects to the joint stipulation of dismissal.   And, as discussed above, the law is not well-established regarding the effect of that stipulation in the context of an FLSA case in which a fairness finding has not been made.  It is also evident that counsel for Defendant, who are experienced federal court employment litigators, agreed to pay reasonable attorneys' fees and costs in the Offer of Judgment but are now using a procedural maneuver in an attempt to avoid their agreement to do so.  The Court should not approve of such chicanery, particularly in light of counsel for Defendant's representation at the hearing before me that he had no objection to a fairness finding "at this point."[3]

---

[3] Counsel for Defendant argue for the first time in the response to the motion that the case is moot because Plaintiff agreed in the accepted Offer of Judgment that the offer fully compensated her.  Doc. No. 47, at 1-2.  However, the Offer of Judgment states only that the $2,500 offer to Plaintiff was "in full and complete settlement of all claims," not that Plaintiff agrees that the $2,500 provided her all the compensation she was arguably due.  Doc. No. 44-1, at 1.  In her responses to the Court's interrogatories, Plaintiff averred that she was owed $27,087.60 in overtime compensation, $23,000.32 in minimum wages

Accordingly, I **respectfully recommend** that the Court grant the motion to withdraw the Joint Stipulation of Dismissal (Doc. No. 44), strike the Joint Stipulation of Dismissal (Doc. No. 34) from the record, and direct the parties to file a motion for a fairness finding supported by a fully executed copy of the settlement agreement by a specific date.[4]

Alternatively, if the Court finds that the Joint Stipulation of Dismissal is self-executing and it has no jurisdiction to consider the motion to withdraw that document, I **respectfully recommend** that the Court direct the Clerk of Court to close the file and terminate all pending motions.  The parties may, then, attempt to seek enforcement of their agreement on the terms of the Offer of Judgment in an action filed in state court.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on July 13, 2017.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

---

and an equal amount in liquidated damages.  Doc. No. 15-1.  Therefore, the record does not support a finding that Plaintiff received full compensation under the Offer of Judgment.

[4] If a *Lynn's Food* motion is filed, the Court will determine at that time whether Plaintiff compromised her FLSA claim and, if so, whether the settlement is fair and reasonable.  A fairness finding may be the functional equivalent of a judgment in favor of Plaintiff supporting Plaintiff's entitlement to an award of attorney's fees under the FLSA.  *Guerra v. Flores*, 139 F. Supp. 3d 1288, 1293 (N.D. Ala. 2015)(finding that a *Lynn's Food* settlement, requiring judicial approval, is a judgment that disposes of the action).  If Plaintiff compromised her claim and a fairness finding is not made, or is objected to by Defendant, the Court may be required to strike the Offer of Judgment.  *See, e.g., Walker v. Vital Recovery Servs., Inc.*, 300 F.R.D. 599, 605 (N.D. Ga. 2014).

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy