# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**REBECKA JOHNSON,**

    **Plaintiff,**

v.                                               **Case No: 6:16-cv-111-Orl-28KRS**

**STEAK N SHAKE OPERATIONS, INC.,**

    **Defendant.**

## ORDER

This case is before the Court on Plaintiff's Motion to Withdraw or Strike the Joint Stipulation of Dismissal (Doc. No. 44). The assigned United States Magistrate Judge has submitted a Report (Doc. 48) recommending that the motion be granted.[1] No party has filed an objection to the Report and Recommendation and the time to do so has passed.

After a *de novo* review of the record in this matter, the Court agrees with the findings of fact and conclusions of law in the Report and Recommendation. The Magistrate Judge correctly points out that there is no Eleventh Circuit decision resolving the split in opinions as to whether a Federal Rule of Civil Procedure 41(a)(1)(A)(ii) joint stipulation of dismissal in a Fair Labor Standards Act ("FLSA") case is self-executing and effective upon filing. This Court has deemed Joint Stipulations in FLSA cases to be self-executing and effective upon filing. See <u>Friend v. Pie Two Speedway, LLC</u>, case number 6:16-cv-2184 (Docs. 20, 21); <u>Sedloff v. DialAmerica Marketing, Inc.</u>, case number 6:17-cv-102 (Docs. 17, 18).

---

[1] Or alternatively, to deny the motion if the Court were to find that the Joint Stipulation of Dismissal is self-executing and the court has no jurisdiction to consider it. For the reasons stated in this Order, the Court adopts the recommendation that the motion be granted.

This case, however, is distinguishable. In <u>Anago Franchising, Inc. v. Shaz, LLC</u>, 677 F.3d 1272 (11th Cir. 2012), the Eleventh Circuit found that the "plain language of Rule 41(a)(1)(A)(ii) requires that a stipulation filed pursuant to that section is self-executing and dismisses the case upon it becoming effective. The stipulation becomes effective upon filing **unless** it explicitly conditions its effectiveness on a subsequent occurrence." 677 F.3d at 1278 (emphasis added). In this case, the Stipulation of Dismissal states the parties jointly stipulate to the dismissal of this case with prejudice "**except** as to the issue of Plaintiff's fees and costs, which remain an issue before the Court." (Doc. 34; emphasis added). The Stipulation thus conditions it effectiveness on the issue of attorney's fees and costs being resolved and it cannot therefore be effective.

Therefore, it is **ORDERED** as follows:

1. The Report and Recommendation insofar as granting the Motion to Withdraw (Doc. No. 48) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. Plaintiff's Motion to Withdraw or Strike the Joint Stipulation of Dismissal (Doc. No. 44) is **GRANTED**.

3. The Joint Stipulation of Dismissal (Doc. 34) is hereby **STRICKEN**.

4. The parties shall file a fairness finding supported by a fully executed copy of the settlement agreement no later than August 31, 2017.

**DONE** and **ORDERED** in Orlando, Florida, on August 2, 2017.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Magistrate Judge
Counsel of Record