# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**REBECKA JOHNSON,**

    **Plaintiff,**

v.                                    **Case No: 6:16-cv-111-Orl-28KRS**

**STEAK N SHAKE OPERATIONS, INC.,**

    **Defendant.**

## ORDER

This Fair Labor Standard Act ("FLSA") case is before the Court on the Joint Motion for a Fairness Finding, Approval of Settlement, and Dismissal with Prejudice (Doc. No. 50) and the Joint Motion to Reform Settlement Agreement and Enforce Settlement (Doc. No. 58). The assigned United States Magistrate Judge has submitted a Report (Doc. 59) recommending that the Joint Motion to Reform Settlement Agreement and Enforce Settlement (Doc. No. 58) be denied, and the Joint Motion for a Fairness Finding, Approval of Settlement, and Dismissal with Prejudice (Doc. No. 50) be granted in part. No party has filed an objection to the Report and Recommendation.

After review of the record in this matter, the Court agrees with the findings of fact and conclusions of law in the Report and Recommendation. Therefore, it is **ORDERED** as follows:

    1.     The Report and Recommendation (Doc. No. 59) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

    2.     The Joint Motion to Reform Settlement Agreement and Enforce Settlement (Doc. No. 58) is **DENIED**.

3. The Joint Motion for a Fairness Finding, Approval of Settlement, and Dismissal with Prejudice (Doc. No. 50) is **GRANTED in part** as set forth below.

4. The release set forth in the Settlement Agreement and Release (Doc. 50-1) is narrowed as follows:

   a. Paragraph 2 (p. 2-3) shall read:

   In consideration of this Agreement, in full and final settlement of all claims made by Johnson against Defendant in the Case, Defendant shall pay the total sum of Two Thousand Five Hundred Dollars ($2,500.00)(:Settlement Sum") as follows:

   b. Subparagraph (a) of paragraph 3 (p. 3-4) shall read:

   In consideration of and conditioned upon receipt of the Settlement Sum as described above, Johnson does hereby irrevocably and unconditionally release and forever discharge Defendant, and any other person or entity that was her "Employer" as that term is defined in 29 U.S.C. § 203(d) (hereinafter referred to collectively as the "Released Parties") from all claims made by Johnson in the Case.

   c. Subparagraph (b) of paragraph 3 (p. 4) shall read:

   This release does not extend to claims which as a matter of law cannot be waived.

   d. Paragraph 6(g) (p. 6) shall read:

   Johnson hereby waives any and all rights to any further review period.

   e. Paragraph 10 (p. 8) shall read:

   <u>Governing Law</u>. Irrespective of the actual place of execution or performance of this Agreement, this Agreement shall be governed by and interpreted under the laws of the United States of America and the state of Florida.

> f. The next to the last paragraph of the Release (p. 8-9) shall read:
>
> HAVING ELECTED TO EXECUTE THIS AGREEMENT TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SUMS AND BENEFITS SET FORTH IN PARAGRAPH "2" ABOVE, JOHNSON FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS SETTLEMENT AGREEMENT AND RELEASE. JOHNSON ACKNOWLEDGES THAT SHE HAS CONSULTED WITH HER COUNSEL, KEVIN VORHIS, ESQUIRE, PRIOR TO THE EXECUTION OF THIS AGREEMENT.

5. The Court finds that the Settlement Agreement and Release (Doc. No. 50-1) as modified herein, is a fair and reasonable resolution of a bona fide dispute under the FLSA.

6. The Joint Motion for a Fairness Finding, Approval of Settlement, and Dismissal with Prejudice (Doc. No. 50) is granted to the extent outlined above and with the exclusion of the Court reserving jurisdiction to enforce the parties' May 2017 Settlement Agreement or any other disputes between the parties. The Court declines to reserve jurisdiction to enforce the Settlement Agreement or other disputes of the parties.

7. Defendant's counsel shall release the $5,000.00 currently being held in its client trust account to Plaintiff's counsel within ten business days from the date of this Order.

8. This case is dismissed with prejudice.

9. The Clerk is directed to close the file.

DONE and ORDERED in Orlando, Florida, on January 22, 2018.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Magistrate Judge
Counsel of Record
Unrepresented Parties